USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                    :
DAVID SYGALL,                         :
                                                    :
                                Plaintiff,     :
                                                    :         18-CV-2730 (VSB)
              - against -                :
                                                    :           **OPINION & ORDER**
                                                    :
ANDREW PITSICALIS, an individual;   :
LEON HENDRIX, an individual;            :
PURPLE HAZE PROPERTIES, LLC, a   :
Nevada Limited Liability Company;     :
ROCKIN ARTWORK, LLC, a Nevada    :
Limited Liability Company; ANGOTTI   :
DESIGNS, LLC, an Indiana Limited      :
Liability Company; a California Limited :
Liability Company; GRASSROOTS       :
CLOTHING, LLC, a Colorado Limited   :
Liability Company; and KURT S.         :
ADLER, INC., a New York Corporation, :
                                                    :
                                          Defendants. :
-------------------------------------------------------- X

Appearances:

Dorothy Weber
Shukat Arrow Hafer & Weber, LLP
New York, New York
*Counsel for Plaintiff*

Thomas T. Osinski, Jr.
Osinski Law Offices PLLC
Tacoma, Washington
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

        Plaintiff David Sygall ("Plaintiff") brings this copyright infringement action against

Defendants Andrew Pitsicalis, Leon Hendrix, Purple Haze Properties, LLC, Rockin Artwork,

LLC (the "Pitsicalis Defendants"), Angotti Designs, LLC ("Angotti"), Grassroots Clothing, LLC

("Grassroots"), and Kurt S. Adler, Inc. ("Adler," and collectively, "Defendants"), seeking injunctive relief and monetary damages arising from Defendants' alleged infringement of Plaintiff's exclusive rights to a photographic work entitled "H16a005." Before me is Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Because venue is proper in this District pursuant to 28 U.S.C. § 1400(a), Defendants' motion is DENIED.

I.  **Background**[1]

Plaintiff is a visual artist. (Compl. ¶ 12.) As an aspiring photographer in the 1960s, Plaintiff "became part of the music scene in Greenwich Village." (*Id.* ¶ 20.) During this time, he met Jimi Hendrix, Janis Joplin, and Jim Morrison. (*Id.*) One day, he received a call from Hendrix, who invited him to do a photoshoot at one of his rehearsal sessions. (*Id.*) At that photoshoot, Plaintiff took the photograph at issue in this case, "H16a005" (the "Copyrighted Photograph"). (*See id.*) The Copyrighted Photograph was registered with the United States Copyright Office on October 4, 2017 under Registration No. VA 2-070-031. (*Id.* ¶ 21.)

The Pitsicalis Defendants hired an artist named "Biggs" to create a reproduction of the Copyrighted Photograph, (*id.* ¶ 24), "framing and overlaying the Copyrighted Photograph with elements, color, and psychedelic swirls," (*id.* ¶ 23), (the "Infringing Artwork"). The Pitsicalis Defendants authorized Angotti, Adler, and Grassroots to reproduce the Infringing Artwork on various commercial products. (*Id.* ¶ 5.) On or about March 5, 2018, Plaintiff "caused a cease and desist letter to be sent to the Pitsicalis Defendants and their attorney, demanding that the Defendants" (1) "[c]ease and desist from continuing to exhibit and/or distribute any work

---

[1] The following facts are taken from the Complaint. (Doc. 1.) My reference to the factual allegations should not be construed as a finding as to their veracity, and I make no such findings.

2

containing unauthorized reproductions of [Plaintiff's] copyrighted artwork," (2) "[r]emove all unauthorized reproductions of the Copyrighted Photograph," (3) "[i]dentify all of Defendants' uses of the Copyrighted Photograph," and (4) "[a]ccount[] for compensation Defendants had received from each and every sale of any and all works that contained the Copyrighted [Photograph]." (*Id.* ¶ 25.) Plaintiff also sent cease and desist letters to Angotti, (*id.* ¶ 26), Adler, (*id.* ¶ 27), and Grassroots, (*id.* ¶ 28), advising them of the infringement.

"The Pitsicalis Defendants have widely used the Infringing Artwork on their website, social media, marijuana products, grinder cards, Mastercard[,] and other uses." (*Id.* ¶ 31.) None of Defendants obtained permission from Plaintiff to reproduce, modify, distribute, or display the Copyrighted Photograph or to prepare a derivative work therefrom. (*Id.* ¶ 32.)

## II. Procedural History

Plaintiff filed this action on March 27, 2018. (Doc. 1.) On April 23, 2018, Defendants filed the instant motion to dismiss for improper venue, (Doc. 28), as well as a memorandum of law, (Doc. 29), and declaration with exhibits in support of their motion, (Doc. 30). On May 4, 2018, Plaintiff filed his opposition to Defendants' motion, (Doc. 32), and a declaration with exhibits in support of his opposition, (Doc. 33). On May 11, 2018, Defendants filed their reply. (Doc. 34.)

## III. Legal Standard

The legal standard for a motion to dismiss for improper venue is the same as the standard for a motion to dismiss for lack of personal jurisdiction. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). "When a defendant challenges either the jurisdiction or venue of the court, the plaintiff bears the burden of showing that both are proper." *Casville Invs., Ltd. v. Kates*, No. 12 Civ. 6968(RA), 2013 WL 3465816, at *3 (S.D.N.Y. July 8, 2013) (citing

3

*DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *Savoy Senior Hous. Corp. v. TRBC Ministries*, 401 B.R. 589, 596 (S.D.N.Y. 2009)). To meet this burden, the plaintiff must plead facts sufficient for a "'prima facie showing' of jurisdiction or venue." *Id.* (citing *Glasbrenner*, 417 F.3d at 355). "[I]n deciding a motion to dismiss for improper venue, the 'court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'" *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 555 (S.D.N.Y. 2004) (quoting *EPA ex rel. McKeown v. Port Auth.*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001)).

### IV.  Discussion

Defendants argue that venue is not proper in this District pursuant to 28 U.S.C. § 1391 and that the Court should dismiss the action on that basis. (*See* Defs.' Mem. 6–8.)[2] I disagree.

As an initial matter, Defendants rely on the general venue statute, § 1391, for their argument, ignoring that a specific venue statue, § 1400, governs copyright actions. "Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 n.2 (2013) (citing § 1400 as venue statute for copyright suits). Here, a more specific venue provision applies since venue in a copyright action is governed by § 1400(a), which provides that venue is proper in any "district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *see also Capitol Records, Inc. v. Kuang Dyi Co. of RM*, No. 03 Civ. 0520(LAP), 2004 WL 405961, at *1 (S.D.N.Y. Mar. 4, 2004) ("In an action for copyright infringement, venue is controlled by 28 U.S.C. § 1400(a) . . . ."). "A defendant 'may be found' wherever that person is

---

[2] "Defs.' Mem." refers to Defendants' Memorandum of Law Supporting Motion to Dismiss Under 12(b)(3), filed April 23, 2018. (Doc. 29.)

4

amenable to personal jurisdiction." *Cavu Releasing, LLC. v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005) (citation omitted); *see also Lipton v. Nature Co.*, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992), *aff'd*, 71 F.3d 464 (2d Cir. 1995).

Personal jurisdiction, in turn, is authorized by "the long-arm statute of the forum state" and limited by "the requisites of due process." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). New York's long-arm statute, C.P.L.R. § 302(a), provides that a court may exercise jurisdiction "over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state; or . . . commits a tortious act within the state." N.Y. C.P.L.R. § 302(a). Because New York's long-arm statute is more restrictive than the federal due process requirements, courts generally find that by virtue of satisfying the long-arm statute, the minimum contacts and reasonableness requirements of due process will also be satisfied. *See, e.g.*, *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 108 (S.D.N.Y. 2015).

"Personal jurisdiction has been found [in copyright actions] when out-of-state defendants allegedly have sold copyright-infringing merchandise over the Internet to customers in New York." *Pearson Educ., Inc. v. Shi*, 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007) (collecting cases); *see also Lipton*, 781 F. Supp. at 1035 ("Copyright infringement is a commercial tort that is deemed to take place at the point of consumer purchase." (internal quotation marks omitted)). Indeed, courts have found that shipping one infringing item into New York to a New York customer is sufficient to establish jurisdiction under C.P.L.R. § 302(a). *See, e.g.*, *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, No. 15-CV-06478 (ALC), 2016 WL 7451306, at *2 (S.D.N.Y. Dec. 27, 2016) (concluding that a "single act of shipping a product might well be sufficient, by itself, to subject a nondomiciliary to the jurisdiction of a New York court under

section 302(a)(1)" (internal quotation marks omitted)); *EnviroCare Techs., LLC v. Simanovsky*, No. 11-CV-3458 (JS) (ETB), 2012 WL 2001443, at *2 (E.D.N.Y. June 4, 2012) (stating that "courts in this circuit have concluded that the single act of selling counterfeit goods in New York is sufficient to invoke jurisdiction" and collecting cases).

Here, Plaintiff has met his prima facie burden in demonstrating that venue is proper. To demonstrate jurisdiction under C.P.L.R. § 302(a), Plaintiff alleges that Angotti and Grassroots sold and shipped goods that infringe the Copyrighted Photograph into New York and profited from them. (Pl.'s Opp. 9; Compl. ¶¶ 17–18.)[3] He alleges that, in turn, the Pitsicalis Defendants profited from the sales of infringing goods in New York. (Pl.'s Opp. 9; Compl. ¶ 13.) Additionally, the Pitsicalis Defendants have widely used the Infringing Artwork on their websites and social media, promoting the sale of products featuring the Infringing Artwork in New York.[4] (Pl.'s Opp. 9–10; Compl. ¶ 31.) Accordingly, I find that Plaintiff has demonstrated jurisdiction under C.P.L.R. § 302(a).[5]

Having found jurisdiction under C.P.L.R. § 302(a), I must next determine whether the exercise of jurisdiction comports with due process. *See Whitaker*, 261 F.3d at 208. To comport

---

[3] "Pl.'s Opp." refers to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, filed May 4, 2018. (Doc. 32.)

[4] When analyzing whether a defendant's internet activity provides the Court with jurisdiction, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 251 (2d Cir. 2007) (internal quotation marks omitted). Thus, courts apply a "sliding scale" test based on the level of a website's interactivity. *Id.* at 252. For example, a website that merely provides information that is accessed by individuals in New York is not grounds for the exercise of personal jurisdiction. *See, e.g.*, *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 86 (E.D.N.Y. 2006) ("Internet websites that are not of a commercial nature and do not permit the purchase of products on-line are not sufficient to confer personal jurisdiction pursuant to section 302(a)(1)."). However, "if a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is 'transacting business' in New York and is therefore subject to the court's jurisdiction." *EnviroCare Techs., LLC*, 2012 WL 2001443, at *3.

[5] Plaintiff has also demonstrated jurisdiction over Defendant Adler, a New York corporation with its principal place of business in this District, (Compl. ¶ 19). *See CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 470 (2d Cir. 2018) (noting that "personal jurisdiction [in New York] is clear" where parties were New York corporations with principal places of business in the Eastern District of New York).

6

with due process, a defendant must have "'minimum contacts' with the forum state such that the maintenance of the action does not offend 'traditional notions of fair play and substantial justice.'" *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 323 (S.D.N.Y. 1998) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In other words, "[t]he defendant's activity in the state should be such that it would be fair and reasonable to require him to defend himself in that state." *Id.* For this inquiry, courts consider "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113–14 (1987)). I find that Defendants have the requisite "minimum contacts" with New York and that requiring them to litigate in this District does not offend "our traditional conception of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316, 320; *cf. Chatwal Hotels & Resorts LLC*, 90 F. Supp. 3d at 108 ("Because the New York long-arm statute is more restrictive than the federal due process requirements, by virtue of satisfying the long-arm statute the minimum contacts and reasonableness requirements of due process have similarly been met."). Defendants sold products in New York State that allegedly infringed the Copyrighted Photograph and received payment for those products. (Compl. ¶¶ 13, 17–18, 31.) Thus, Defendants could reasonably have expected to be subject to suit in New York for the sales of those products into New York. Accordingly, exercise of jurisdiction over Defendants does not violate the constitutional guarantee of due process.

    Drawing all reasonable inferences in favor of Plaintiff, as I must, I find that the Court has

7

personal jurisdiction over Defendants, and thus venue is proper in this District under § 1400(a).

## V. <u>Conclusion</u>

For the foregoing reasons, Defendants' motion to dismiss for improper venue is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion at Document 28.

SO ORDERED.

Dated: November 14, 2018
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge